## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **MELISSA C. GRONA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 3:12-cv-0039** |
| | ) | **Chief Judge Todd J. Campbell** |
| | ) | **Magistrate Judge Juliet E. Griffin** |
| **CITIMORTGAGE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CASE MANAGEMENT ORDER

### I.    Jurisdiction and Venue

Pursuant to 28 U.S.C. § 1441, this case was removed from the Robertson County Chancery Court to the United States District Court for the Middle District of Tennessee. The parties are completely diverse and jurisdiction and venue are not disputed.

### II.    Parties' Theories of the Case

#### A.    Plaintiff's Theory of the Case

Plaintiff is a victim of improper servicing practices by the Defendant CitiMortgage, Inc. ("CitiMortgage") that resulted in her home being placed into foreclosure proceedings. Plaintiff refinanced her mortgage loan on October 19, 2005 with the lender, ABN AMRO Mortgage Group, Inc. In 2007, Defendant CitiMortgage became the servicer of her mortgage loan.

On May 29, 2009, Plaintiff received a Home Affordable Modification Trial Period Plan ("TPP") from Defendant and began making monthly payments of $748.84, representing principal, interest and escrow pursuant to the TPP. In June 2009, Plaintiff signed the TPP and returned two copies to Defendant, but Defendant never sent Plaintiff a signed copy of the TPP or written notice that Plaintiff did not qualify for the modification offer as required under the TPP.

Thereafter, Plaintiff made all scheduled payments under the TPP, which were accepted by Defendant, and never received the offer of modification that was promised under the TPP. Plaintiff was instructed by Defendant's employees to continue making the reduced TPP payments, and she continued making the same payments until August 2010 when Defendant filed a claim with the bankruptcy court to increase the monthly amount to $898.02. This amount was the original monthly payment under the Note. Plaintiff began making the $892.02 payments as instructed.

When Defendant received relief from the bankruptcy stay on or around June 2011, Defendant began sending Plaintiff requests for documents to see if Plaintiff qualified for a HAMP modification. Simultaneously, Defendant instituted foreclosure proceedings against Plaintiff and began rejecting her monthly payments. From June 2011 to October 2011, Defendant's employees committed a variety of errors in handling the HAMP modification, as specifically outlined in the Complaint.

As a result of the foregoing, Defendant has breached its duty of care owed to Plaintiff in failing to acknowledge the TPP and to respond adequately to customer service inquiries regarding the TPP. Plaintiff would show that Defendant has negligently breached its duty of ordinary care to maintain adequate levels of competent customer service in order to properly handle Plaintiff's TPP, the HAMP paperwork, and to manage her mortgage loan account generally.

Further, Plaintiff would show that the TPP was a promise by Defendant to offer Plaintiff a modification if she complied with its terms. Plaintiff reasonably relied on the TPP and made payments as required, but Defendant failed to offer her a modification and failed to provide written notice that she did not qualify. Therefore, Defendant is estopped from refusing to offer

Plaintiff a loan modification. Lastly, because of the forgoing misconduct, Plaintiff would show that Defendant instituted foreclosure proceedings against her wrongfully. Due to Defendant's actions and inactions outlined above, Plaintiff has suffered damages including, but not limited to, foreclosure fees and costs, late fees and costs, damage to her credit, and emotional distress.

### B.     Defendant CitiMortgage, Inc.'s Theory of the Case

Plaintiff alleges that she re-financed a home mortgage loan for $156,000.00 that was secured by a Deed of Trust in favor of CitiMortgage, as successor-in-interest to ABN AMRO Mortgage, Inc. Plaintiff further alleges that CitiMortgage attempted to wrongfully foreclose on her home located at 1352 Roberts Road, Goodlettsville, Tennessee, 37072 when she was allegedly paying a modified mortgage under the Home Affordable Modification Program ("HAMP"). However, before filing bankruptcy in December 2009, neither the Plaintiff nor CitiMortgage executed a Modification Agreement. Rather the Plaintiff only signed a Home Affordable Modification Program Trial Period Plan (the "HAMP TPP"). The HAMP TPP specifically states that it is not the Modification Plan and that Plaintiff's loan would not be modified until, among other things, the Plaintiff received an executed Modification Plan.

Plaintiff's claim for "negligent servicing practices" fails to state a claim because financial institutions do not have a common law duty of care with respect to customers or borrowers. Plaintiff's claim for "breach of implied contract" fails because Plaintiff has not alleged and has provided no proof that CitiMortgage executed a loan Modification Agreement as required by Tennessee's Statute of Frauds and the HAMP TPP. Further, Plaintiff's Complaint does not specify any terms of the alleged Modification Contract, and is expressly contradicted by the terms of the HAMP TPP. To the extent Plaintiff asserts a claim under HAMP, that claim also fails because there is no private cause of action under HAMP. Plaintiff's claims for "wrongful

foreclosure" and "temporary injunction" fail because they are predicated on Plaintiff's claims for "negligent servicing practices" and/or "implied breach of contract" which are invalid causes of action.

## III.　Trial

Target trial date: April 23, 2013.

The parties anticipate that the trial will last three (3) days.

## IV.　Issues

The parties have addressed the issues enumerated in Rule 26(f) and Local Rule 16.01(d)(1)(c) and represent:

a.　All parties have been properly served with process;

b.　All parties have filed responsive pleadings or will do so prior to the case management conference;

c.　The parties have agreed to the necessary limitations on and timing of discovery as further discussed in this Order;

d.　The parties agree to a target trial date as specified above;

e.　The parties agree that settlement is not possible at this time, but they have agreed to the procedures for requesting and holding a settlement conference or ADR process, if necessary, as discussed further below;

f.　The parties agree that there is no need to adopt special procedures for this case as contemplated by Local Rule 16.01(d)(1)(c)(6);

g.　The parties agree to address, in good faith, the matters enumerated in Local Rule 16.01(d)(1)(c)(7) as those issues arise during the course of discovery in this case, and the parties have agreed, as further outlined in this Order, to all deadlines they feel are necessary in this case;

h.     The parties do not anticipate any special issues that will arise concerning the disclosure or discovery of electronically stored information, and agree as follows:

(1)     The parties may be requested to disclose or produce information from electronic or computer based media, but the parties believe that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

(2)     If the data is identified by the parties as not reasonably accessible because of undue burden or cost, the parties shall be allowed under Rule 26(b)(2)(B) to file a motion to compel discovery or for a protective order.

(3)     Any electronic information produced will be produced in hard copy, unless otherwise agreed by the parties or ordered by the Court.

(4)     Reasonable measures have been taken by the parties to preserve potentially discoverable data (as described above) from alteration or destruction in the ordinary course of business or otherwise.

(5)     There are currently no other problems that the parties anticipate may arise in connection with electronic or computer based discovery.

## V.     <u>Additional Claims</u>

The parties do not anticipate the need to file additional counterclaims, cross-claims, third-party claims, amended pleadings, motions for joinder of parties and/or claims, etc., other than those already filed in this case.   However, the parties reserve the right to file any motion, including the Defendant's motion to compel mortgage payments, or pleading as they deem necessary in light of issues uncovered in the discovery process, to the extent permitted by the United States Code, the Federal Rules of Civil Procedure, and the Local Rules and subject to the objection of any other party.   Any such motion  shall be filed on or before **September_____ 4, 2012**.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

## VI.  Schedule of Pretrial Proceedings

### A.  Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within fourteen (14) days from the date of the initial case management conference.

### B.  Pretrial Discovery Matters

All fact discovery shall be completed on or before **November 5, 2012** . All written discovery shall be submitted in sufficient time so that the response shall be in hand by **November 5, 2012.** All discovery related motions shall be filed on or before **November 19, 2012**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, or participate in a telephonic conference, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Federal Rule of Civil Procedure 33, shall be limited to twenty-five (25). Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01 of the Local Rules of Court shall govern.

By the close of business on **September 6, 2012** the Plaintiff shall declare to the Defendants (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B)-(C).

By the close of business on **October 9, 2012** the Defendants shall declare to the Plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B)-(C).

Any supplements to expert reports shall be served by the close of business o<u>n **October 22, 2012.**</u> There shall not be any rebuttal expert witnesses.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and unable to resolve their differences, have scheduled and participated in a conference call with Judge Griffin.

**C.     Other Pretrial Matters**

All dispositive motions shall be filed on or before **December 5, 2012**  and any response thereto shall be <u>filed by the close of bu</u>siness on **January 9, 2013** (on or before 35 days after the filing of the Motion).  Any reply shall be filed  by the <u>close of business on</u> **January 23, 2013** (on or before 14 days after the filing of the Res<u>ponse).</u>

A pretrial conference will be scheduled by separately entered order.

## VII.    Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to face meeting or a telephonic conference to discuss whether this case can be resolved without further discovery proceedings.  If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party.  After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case.  This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

It is so **ORDERED**.

ENTERED this the _____ day of _____, 2012.

Juliet E. Griffin
United States Magistrate Judge


Respectfully submitted,


/s/ Charles W. Faquin
Thompson Law Group, PLLC
Charles W. Faquin
Christopher Kim Thompson
301 S. Perimeter Park Drive
Suite 218
Nashville, TN 37211

*Attorneys for Plaintiff*

/s/ John Paul Nefflen
John Paul Nefflen, (TN Bar # 20226)
Burr & Forman LLP
700 Two American Center
3102 West End Avenue
Nashville, TN 37203
Telephone: (615) 724-3215
Facsimile: (615) 724-3215
jnefflen@burr.com


/s/ Edward D. Cotter
Edward D. Cotter (*pro hac vice* pending)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 458-5355
Facsimile: (205) 244-5611
Email: ecotter@burr.com
*Attorneys for Defendant CitiMortgage, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on February 15, 2012:

Thompson Law Group, PLLC
Charles W. Faquin
Christopher Kim Thompson
301 S. Perimeter Park Drive
Suite 218
Nashville, TN 37211

*/s/ John Paul Nefflen*
John Paul Nefflen