IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELISSA C. GRONA )
) No. 3-12-0039
v. )
)
CITIMORTGAGE, INC. )

ORDER

By contemporaneously entered order, the Court has approved and entered the parties' proposed case management order with modifications addressed at the initial case management conference held on February 22, 2012. The substantive modifications and other matters addressed on February 22, 2012, are as follows:

1. Defendant's counsel acknowledged that the defendant's motion to dismiss (Docket Entry No. 9) has been rendered MOOT as a result of the plaintiff's filing an amended complaint (Docket Entry No. 15).

As a result, the Clerk is directed to terminate as pending the defendant's pending motion to dismiss (Docket Entry No. 9).

2. The defendant shall have until March 5, 2012, to file a response to the amended complaint. If the defendant files a motion to dismiss the amended complaint,[1] the plaintiff shall have until March 19, 2012, to file a response, and the defendant shall have until March 26, 2012, to file a reply, if necessary.

No other filings in support of or in opposition to any such motion to dismiss shall be made except with the express permission of the Honorable Todd J. Campbell, Chief Judge.

There shall be no stay of discovery during the pendency of any such motion to dismiss.

---

[1] Although Chief Judge Campbell precludes parties from filing more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment, that restriction will not apply to bar the defendant from filing another motion to dismiss the amended complaint since the initial motion to dismiss the initial complaint has been effectively withdrawn and has never been considered by the Court.

3. Counsel advised that there has been agreement to put any foreclosure proceedings "on hold," and defendant's counsel represented that there was no plan to re-initiate foreclosure proceedings at this time. Defendant's counsel further represented that, if the defendant intends to take any action in that regard, he will notify plaintiff's counsel.

4. The contemporaneously entered order includes certain provisions for discovery of electronically stored information. See § IV(h)(1)-(4). Except as provided therein, the parties are otherwise exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

5. By June 1, 2012, the parties shall file a joint mediation/ADR report, indicating whether they met as provided in the contemporaneously entered order, whether they were able to reach a resolution of the case and, if so, when they will file an agreed order of dismissal (or other settlement/dismissal document), and, if not, whether they believe that the potential for settlement remains, whether they believe that ADR would be productive, and, if so, what form of ADR and when they would expect to participate in ADR.

6. Any motion to amend the pleadings shall be filed by September 4, 2012.

7. The defendant shall have until October 9, 2012, to serve expert disclosures in accord with Rule 26(a)(2)(B)-(C) of the Federal Rules of Civil Procedure.

8. Any supplements to expert disclosures shall be served by October 22, 2012.

9. All expert discovery shall be completed by November 15, 2012.

10. As provided in the contemporaneously entered order, any dispositive motion shall be filed no later than December 5, 2012. Any response shall be filed within 35 days of the filing of the motion or by January 9, 2013, if the motion is filed on December 5, 2012. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by January 23, 2013, if the response is filed on January 9, 2013.

No other filings in support of or in opposition of any dispositive motion shall be made except with the express permission of Chief Judge.

No party shall file more than one Rule 12 motion to dismiss or more than one Rule 56 motion for summary judgment, except as provided herein.

There shall be no stay of discovery before the November 5, 2012, deadline for completion of fact discovery or the November 15, 2012, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

11. Portions of the parties' proposed initial case management order relating to the location of the trial, Local Rule 39.01(c)(6)(c), the pretrial conference, and the parties' obligations prior to the pretrial conference have been deleted, and the references to Rule 26(a)(2)(b) of the Federal Rules of Civil Procedure have been modified to Rule 26(a)(2)(B)-(C).

Based on the scheduling provided above, it is recommended that a jury trial be scheduled no earlier than April 23, 2013. The parties anticipate that a trial would take three (3) days.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge