IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELISSA C. GRONA )
)
)
v. ) NO. 3-12-0039
) JUDGE CAMPBELL
CITIMORTGAGE, INC. )

MEMORANDUM

Pending before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Amended Complaint (Docket No. 19). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's Amended Complaint is DISMISSED.

FACTS

Plaintiff's action arises from the servicing of her mortgage by Defendant CitiMortgage, Inc. Plaintiff contends that in May of 2009, at her request, she received from Defendant a Home Affordable Modification Trial Period Plan ("HAMP"),[1] which was an offer ("Offer") to modify her then-existing loan to lower the monthly payments. Plaintiff alleges that she complied with all requirements to accept Defendant's Offer and executed the Trial Period Plan in accordance with its terms. Docket No. 15 (Amended Complaint).

The Trial Period Plan ("Plan"), attached to the Amended Complaint as Exhibit A, provides that Defendant will send Plaintiff a signed copy of the Plan if she qualifies for the Offer or will send

---

[1] HAMP is a loan modification program designed to reduce delinquent and at-risk borrowers' monthly mortgage payments. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. *Vasquez v. Wells Fargo Home Mortgage*, 2012 WL 985308 at * 3 (S.D. Cal. March 22, 2012).

her written notice that she does not qualify for the Offer. Docket No. 15-1, p. 1. In addition, the document states: "This Plan will not take effect unless and until both I and the Lender [Defendant] sign it and Lender provides me with a copy of this Plan with the Lender's signature." *Id*. The Plan expressly states that it is not a modification of the Loan Documents [Plaintiff's mortgage and note] and that the Loan Documents will not be modified unless and until Plaintiff meets all of the conditions required for modification, receives a fully executed copy of a Modification Agreement, and the Modification Effective Date (first day of the month following the month in which her last Trial Period Payment was due) has passed. *Id*., p. 2. Finally, the Plan provides that if, prior to the Modification Effective Date, Defendant does not provide Plaintiff a fully executed copy of the Plan and the Modification Agreement, then the Loan Documents will not be modified and the Plan will terminate. *Id*.

Plaintiff claims that, after she executed the Trial Period Plan, she made all required payments in a timely manner and, thereafter, continued to make the lower monthly payments because she was so instructed by Defendant's employees. Docket No. 15. Plaintiff asserts that Defendant failed to send her a signed copy of the Plan or written notice that she did not qualify for the modification. Plaintiff alleges that she continued to make the lower monthly payments, even though she never received a monthly statement from Defendant.

Plaintiff filed bankruptcy in December of 2009 - a Chapter 13 bankruptcy which was converted to a Chapter 7 bankruptcy. She avers that she continued to pay the lower monthly payments to Defendant through the Bankruptcy Trustee and that she never received any correspondence from Defendant during or after her bankruptcy about whether her loan modification had been approved or denied. Rather, Plaintiff asserts, Defendant continued to accept her lower payments.

Plaintiff contends that, in August of 2010, Defendant filed a claim with the bankruptcy estate for the original, larger mortgage payments and Plaintiff began making the increased payments again.

Plaintiff alleges that, in June of 2011, Defendant began to send her correspondence again about qualifying for HAMP, to which she responded again and sent all the necessary documents. By that time, however, Defendant had declared her loan to be past due and instituted foreclosure proceedings against Plaintiff. Plaintiff contends that she called Defendant and spoke to no fewer than eight employees, none of whom could provide an explanation for the alleged past due amount or the proposed foreclosure. Despite her re-submission of all required documents, Plaintiff has still not received written notice of her eligibility or ineligibility for the loan modification as required under the Plan.

Plaintiff asserts claims against Defendant for negligence in servicing her home loan account and handling the Trial Period Plan, which Plaintiff claims she believed modified her loan based upon the representations of Defendant's employees. Plaintiff also asserts promissory estoppel, arguing that the Plan was a promise by Defendant to make her an offer for a loan modification if she made the required payments and submitted the required paperwork. Finally, Plaintiff alleges a claim for wrongful foreclosure, contending that the foreclosure on her home violates Tennessee law.

Defendant maintains that Plaintiff's Amended Complaint should be dismissed for the following reasons: (1) the negligence claim fails because Defendant had no duty of care with respect to Plaintiff concerning the servicing of her loan; (2) the promissory estoppel claim fails because it is based on HAMP, under which no private right of action exists; (3) Plaintiff's promissory estoppel claim fails because Plaintiff has not alleged any written agreement to modify her loan as is required under the Statute of Frauds; (4) Plaintiff's promissory estoppel claim fails because she cannot show

3

reasonable reliance; and (5) Plaintiff's wrongful foreclosure claim fails because, among other things, there has been no foreclosure.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## NEGLIGENCE

In order to establish a negligence claim in Tennessee, the following elements must be shown: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *Bennett v. Putnam County*, 47 S.W.3d 438, 443 (Tenn. Ct. App. 2000).

Defendant argues that it had no duty of reasonable care to Plaintiff in the servicing of her loan. Absent special circumstances, Tennessee does not impose a common law duty on financial institutions with respect to their customers, depositors, or borrowers. *Vaughter v. BAC Home Loans Services, LP*,

2012 WL 162398 at * 4 (M.D. Tenn. Jan. 19, 2012); *Permobile, Inc. v. American Express Travel Related Services Co.*, 571 F.Supp.3d 825, 842 (M.D. Tenn. 2008).

In *Lee v. EquiFirst Corp.*, 2010 WL 4320714 (M.D. Tenn. Oct. 26, 2010), cited by the Plaintiff, the Court allowed a negligence claim to go forward under similar circumstances, noting that the plaintiff had not alleged negligence in the performance of the contract. Rather, the plaintiff in *Lee* had asserted that the defendant was negligent in failing to discover the existence of a forbearance agreement and in failing to respond to her customer service inquiries regarding that agreement. *Id*. at * 6. Plaintiff argues that, as in *Lee*, Defendant CitiMortgage was negligent in failing to acknowledge the existence or completion of the Trial Period Plan and in failing to provide an approval or denial thereafter.[2]

The *Vaughter* opinion distinguishes *Lee* because, in *Vaughter*, the plaintiff alleged negligence regarding the defendant's handling and servicing of the mortgage loan. *Vaughter* at * 5. The Court considered allegations of negligent handling and servicing of the loan to be allegations about the *performance* of the loan and dismissed the plaintiff's negligence claim. *Id*.

Here, as in *Vaughter*, Plaintiff's claims arise from Defendant's handling and servicing of her mortgage loan, including the attempts to modify that loan. Because Plaintiff cannot show that Defendant owed her a duty of care with respect to the handling and servicing of her loan, Plaintiff's negligence claim must fail.

Moreover, not only does Defendant not owe a duty of care with regard to its handling and servicing of her loan, but also Plaintiff's claims arise from contracts - - - her mortgage Loan Documents and the alleged agreement to offer her a loan modification. Plaintiff asserts that the Plan

---

[2] Plaintiff's citation to *Speleos v. BAC Home Loans Servicing*, 755 F.Supp.2d 304 (D. Mass. 2010) is inapposite since that case was decided under Massachusetts state law.

5

was a promise - an agreement to offer her a loan modification if she met certain requirements. Plaintiff has not, however, asserted a claim for breach of contract. Where two parties enter into a contractual arrangement, their obligations to each other generally arise only out of the contract itself. *Permobile,* 571 F.Supp.3d at 842. If the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of duty, without more, ordinarily will not support a negligence claim. *Id*.

For these reasons, Defendant's Motion to Dismiss Plaintiff's negligence claim is granted, and that claim is dismissed.

## PROMISSORY ESTOPPEL

Promissory estoppel is based upon a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance. *Barnes & Robinson Co., Inc. v. Onesource Facility Services, Inc.*, 195 S.W.3d 637, 645 (Tenn. Ct. App. 2006). Such a promise is binding if injustice can be avoided only by enforcement of the promise. *Id*. Under Tennessee law, a plaintiff bringing a promissory estoppel claim must show three elements: (1) that a promise was made; (2) that the promise was unambiguous and not unenforceably vague; and (3) that she reasonably relied upon the promise to her detriment. *Vaughter* at * 9.

There are limits, however, to the application of promissory estoppel: (1) the detriment suffered in reliance must be substantial in an economic sense; (2) the substantial loss to the promisee in acting in reliance must have been foreseeable by the promisor; and (3) the promisee must have acted reasonably in justified reliance on the promise as made. *Barnes & Robinson*, 195 S.W.3d at 645. No injustice arises in the refusal to enforce a promise where either the loss induced is negligible or the promisee's reliance is not reasonable. *Id*.

6

Tennessee does not liberally apply the doctrine of promissory estoppel. To the contrary, it limits application of the doctrine to exceptional cases. *Doe v. University of the South*, 687 F.Supp.2d 744, 763 (E.D. Tenn. 2009); *Barnes & Robinson*, 195 S.W.3d at 645. Such exceptional cases are found only where a defendant's conduct is akin to fraud. *Doe*, 687 F.Supp.2d at 763.[3] Promissory estoppel claims are generally disfavored in Tennessee, and they are only available where there is no valid contract between the parties. *Vaughter* at * 9; *Holt v. Macy's Retail Holdings, Inc.*, 719 F.Supp.2d 903, 913-14 (W.D. Tenn. 2010). Promissory estoppel is an equitable remedy based on a quasi-contractual theory only available where there is an absence of consideration between the parties so that there is no valid contract. *Id*.

The Court finds that Plaintiff's claims are barred by the Statute of Frauds. Tenn. Code Ann. § 29-2-101(b)(1). Both the Statute of Frauds and also the express terms of the Plan itself require that any modification to the Plan or to Plaintiff's Loan Documents must be in writing. *See* Docket No. 15-1. Plaintiff argues that Defendant did not promise a loan modification but promised to make her an offer for a loan modification, which renders the Statute of Frauds inapplicable. *See Vaughter* at * 9. That alleged oral promise, however, would have essentially extended the duration of the Plan beyond its limited duration (which is a modification to the Plan), and that duration provision could be extended only through a written document. To the extent Plaintiff is seeking to enforce an oral statement by an employee of Defendant regarding the duration or terms of the Plan, the Statute of

---

[3] The Court is aware that the U.S. District Court in the Western District of Tennessee has certified two questions to the Tennessee Supreme Court with regard to whether promissory estoppel is an exception to the statute of frauds in this State and, if so, the quantum of proof required to establish such a claim. *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, ___ F.Supp.2d ___, 2011 WL 4915863 at * 25 (W.D. Tenn. Oct. 17, 2011).

Frauds bars that claim. *Talton v. BAC Home Loans Servicing, LP*, ___ F.Supp.2d ___, 2012 WL 855975 at * 13 (E.D. Mich. March 7, 2012); Tenn. Code Ann. § 29-2-101(b)(1).

Defendant also contends that Plaintiff's promissory estoppel claim must fail because it is based upon HAMP, and there is no private right of action under HAMP. HAMP is not a contract between Plaintiff and Defendant. HAMP did not modify Plaintiff's Loan Documents, and HAMP does not contain a private right of action. *Wright v. Chase Home Finance LLC*, 2011 WL 2173906 at * 2 (D. Ariz. June 2, 2011); *JP Morgan Chase Bank v. Horvath*, 2012 WL 995397 at * 2 (S. D. Ohio March 23, 2012). Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity, Congress intended that a private cause of action was not permitted. *Id*. Plaintiff states that her claim is not based on HAMP, but to the extent Plaintiff's claims are claims for violations of HAMP, there is no private right of action to bring such claims.[4]

Finally, although Plaintiff asserts that she reasonably relied on instructions from Defendant's employees and continued to make the reduced monthly payments after the duration of the Plan had run, she admits that she never received a written agreement to that effect or any fully executed Modification Agreement. Plaintiff must show not only that a promise was made, but also that she reasonably relied on the promise to her detriment. *Barnes & Robinson*, 195 S.W.3d at 645.

As noted above, the Plan specifically held that it would not take effect unless and until both Plaintiff and Defendant signed the document and Defendant provided a signed copy to Plaintiff.

---

[4] The Court is aware that another court in the Sixth Circuit construed a similar claim to be a breach of contract claim to enforce the TPP between the plaintiff and the loan servicer, not a claim to enforce the regulations of HAMP. *See Bolone v. Wells Fargo Home Mortgage, Inc.*, 2012 WL 882894 (E.D. Mich. March 14, 2012). Plaintiff here has not brought a breach of contract claim, however.

Further, the Plan specifically provided that Plaintiff's Loan Documents would not be modified unless and until Plaintiff received a fully executed copy of a Modification Agreement. Finally, the Plan specifically provided that if Defendant did not provide Plaintiff with a fully executed copy of the Plan and the Modification Agreement before the Modification Effective Date, then the Loan Document would not be modified and the Plan would terminate. Plaintiff admits that she never received a fully executed copy of the Plan or a Modification Agreement.

Given the terms of the Plan and Plaintiff's admissions that neither those terms nor the terms of her Loan Documents were ever modified in writing, Plaintiff's reliance upon oral statements from various of Defendant's employees was not reasonable.

Defendant's Motion to Dismiss Plaintiff's promissory estoppel claims is granted, and those claims are dismissed.

## WRONGFUL FORECLOSURE

Plaintiff alleges that as a result of Defendant's negligence and the promissory estoppel claims, the foreclosure of her home is wrongful. Given the Court's findings on the negligence and promissory estoppel claims, Plaintiff's wrongful disclosure claim is also DISMISSED.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Docket No. 19) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE